**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Thomas A. OWEN and Jacqueline L.
Owen, Defendants–Appellants.**

**No. 87–3793
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 28, 1988.

Robert Augustus Harper, Jr., Tallahassee, Fla., for defendants-appellants.

Gary R. Allen, Chief, William S. Rose, Jr., Gail Brodfuehrer, Robert E. Lindsay, Asst. Attys. Gen., Tax Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before FAY, VANCE and COX, Circuit Judges.

## PER CURIAM:

Defendants Thomas and Jacqueline Owen pled guilty to various counts of tax fraud and were sentenced accordingly by the federal district court. Now they appeal their sentences. First, they allege that the court violated Fed.R.Crim.P. 11 by accepting their guilty pleas although there was an insufficient factual basis for those pleas. Second, they contend that the court violated Fed.R.Crim.P. 32(c)(3)(D) during the sentencing hearing. We affirm.

The government was prepared to establish the following:

In January of 1976, defendants opened a Slender World Weight loss clinic in Rossville, Georgia. Their partner in this venture was Jan Lane, the owner of the Slender World chain. The business was successful, and the defendants, with Lane as their partner, subsequently opened four additional Slender World clinics.

During the years in question, 1976–1981, the clinics generated a substantial profit. In 1976, however, Thomas Owen informed his accountant, Ronnie Clark, that he did not wish to pay any income taxes on these profits. Clark helped Owen set up a shell corporation, Weigh Less for Life ("Weigh Less"), which then received a great percentage of the Owenses' partnership profits. Although the Owenses used the money deposited in the accounts of the shell corporations to pay for their home and for other personal items, they did not report the money as income in their tax statements. Thus, over the years, there was a substantial disparity between the amount of income reported and the amount actually received by the Owenses.

In 1987, the United States government charged the defendants with conspiracy to defraud the United States (Count 1), attempting to evade income taxes (Counts 2 and 4), and making and subscribing a false tax form (Counts 3 and 5). The defendants entered not guilty pleas on all counts at their arraignment on June 18, 1987. On September 4, however, Thomas Owen changed his plea to guilty on Counts 1 and 4, and Jacqueline Owen changed her plea to guilty on Count 5. On November 6, 1987, the district court held a sentencing hearing. The court sentenced Jacqueline Owen to three years imprisonment, but immediately suspended execution of the sentence and imposed a five year probationary period. In addition, the court fined her $50,000 and ordered her to serve 500 hours of community service. Finally, the court required Jacqueline Owen to keep accurate tax records and to inform the probation office of all of her business activities. Thomas Owen received a four year jail sentence and a $10,000 fine on Count One. The court sentenced him to five years probation [1] and fined him $100,000 and the cost of prosecu-

1. The trial judge sentenced him to five years in jail, but immediately suspended the sentence.

**1516**

tion on Count 4. After making a series of other motions, the defendants' attorney filed this appeal.

### Rule 11 Claim

The defendants argue that their pleas should have been rejected because they have no factual basis. We find that their argument has no merit.

■ Rule 11(f) of the Federal Rules of Criminal Procedure requires that a court "satisfy itself that there is a factual basis for [a guilty] plea" before accepting that plea and entering judgment on it. The purpose of this rule is to help ensure that the plea agreement process was a fair one. *Santobello v. New York*, 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). In determining whether there was a sufficient factual basis for the guilty plea, we must consider whether the trial judge was subjectively satisfied with the basis for the plea. Consequently, we will not overturn a judge's decision to accept a guilty plea unless there has been an abuse of discretion. *United States v. Ammirato*, 670 F.2d 552, 555 (5th Cir. Unit B 1982).[2]

■ The defendants' major contention is that they lacked wilfulness, an element of the crimes at issue. However, there was ample evidence from which the trial judge could have found that the Owenses had the requisite intent to commit the offenses in question. The evidence shows that the Owenses had set up a shell corporation, Weigh Less, into which they deposited a good deal of their profits from Slender World; that they used Weigh Less money to purchase personal items; and that they paid no taxes on the Weigh Less money. Mrs. Owens, as secretary of Weigh Less, signed the checks that were used to purchase these personal items. The government also had materials showing that Dr. Owens bragged about the small amount of money he had to pay each year in taxes. The deposition of Ronnie Clark, the defendants' accountant, indicates that Dr. Owens understood that he was hiding the profits from Slender World from his creditors, including the IRS. Finally, when they entered their guilty pleas, the Owenses conceded that the information contained in the charges were "essentially correct."

■ To try to show that there is no factual basis for the plea, the defendants present evidence which throws doubt on Clark's credibility. Further, they allege that the defendants did not understand that their actions were illegal. We assume for the sake of their argument that a reasonable fact finder might accept their arguments and, after a full trial, rule in their behalf. There is no requirement, however, that there be uncontroverted evidence of

2. Decisions of Unit B of the former Fifth Circuit are binding precedent in this circuit. *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir.1982).

In their initial briefs, the defendants allege that they pled guilty despite their innocence because they believed that they would be found guilty after a full trial. In their reply brief, they make a contrary assertion.

Their initial contention is analogous to that of the defendant in *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In *Alford*, the defendant had been accused of first degree murder and faced the possibility of the death sentence. Therefore, because otherwise "they would gas me for [first degree murder]," *id.* at 28 n. 2, 91 S.Ct. at 163, n. 2, Alford pled guilty to second degree murder. All the while, he declared that he was innocent. Later, he challenged the trial judge's conduct in accepting the plea under those circumstances.

The Supreme Court found no significant difference between Alford's situation and that of a defendant who pleads nolo contendere, waiving trial and accepting a sentence without expressly admitting his guilt. The Supreme Court found that a trial judge may accept either type of plea so long as certain safeguards exist to guarantee that the plea agreement process was a fair one. The Supreme Court found that the safeguards had been adhered to in Alford's case and upheld the plea.

*Alford* stands for the proposition that the precautions set forth in case law and in legislation are sufficient to protect a defendant who enters a guilty plea, regardless of whether that defendant admits to committing the crimes. Even if the Owenses did not declare that they were innocent when they entered their pleas, the court had to satisfy itself that the plea was voluntary and knowing, and that it had a sufficient factual basis. We find that the court fulfilled its obligations in this respect. Therefore, it is not necessary to consider whether defendants articulated their protestations of innocence when entering their guilty pleas or later in the judicial process.

guilt. Instead, there must be evidence from which a court could reasonably find that the defendant was guilty—a factual basis for the plea. There is sufficient evidence here to satisfy this standard; thus, it was not an abuse of discretion for the trial judge to accept the guilty plea.

### Rule 32(c)(3)(D) Claim

 The defendants also challenge the sentencing process. They argue that the trial judge did not comply with Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure. That rule exists to protect a defendant's right to a fair sentencing procedure, and to "provide a clear record of the disposition and resolution of controverted facts in the presentence report." *United States v. Eschweiler*, 782 F.2d 1385, 1387 (7th Cir.1986). Whenever the defendant alleges that there is a factual inaccuracy in the presentence report, the trial judge must either make a finding regarding the inaccuracy or make a finding that the particular fact at issue will not be considered in the sentencing process. *United States v. Rogers*, 848 F.2d 166, 169 (11th Cir.1988) (per curiam). A defendant triggers this rule only by challenging statements of fact that are in the presentence report. *United States v. Aleman*, 832 F.2d 142, 145 (11th Cir.1987). Vague assertions of inaccuracies in the report are insufficient; instead, the defendant must make clear and focused objections to specific factual allegations made in the report. *Id.*

The defendants' Rule 32(c)(3)(D) challenge essentially reiterates their Rule 11 claim in the context of the sentencing phase. Rule 32(c)(3)(D), however, is designed to deal with factual inconsistencies made in the presentence report and used by the judge in determining what sentence to impose. It is not intended to apply to the guilt/innocence determination. Once a court finds that there is a sufficient factual basis for the plea, it need not make the same findings again at the sentencing phase. Therefore, Rule 32(c)(3)(D) was not triggered by the defendants' claim that they were not guilty of the crimes.[3]

### Conclusion

We affirm the sentences in all respects. AFFIRMED.

---

**3.** The other asserted inconsistencies were either alleged so vaguely that they do not warrant discussion, or were adequately addressed by the trial judge at the sentencing proceeding.