[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 29, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12243
Non-Argument Calendar

_____

D. C. Docket No. 07-00167-CR-01-JOF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLORENTINO CASTENADA-PALAEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 29, 2009)

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Florentino Castenada-Palaez appeals his 36-month sentence for illegal reentry into the United States following deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1). On appeal, Castenada-Palaez argues the district court committed procedural error by considering two of his previous convictions from California and Utah in deciding to impose a nine-month upward variance from the advisory Guidelines range. He also argues his sentence is substantively unreasonable.

## I.

We review a sentence imposed by a district court for reasonableness, using an abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). In determining whether a sentence is reasonable, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.*

A defendant's failure to object to a factual statement made in the PSI constitutes an admission for the purpose of sentencing. *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 2096 (2007). "Vague assertions of inaccuracies in the report are insufficient; instead, the defendant must

make clear and focused objections to specific factual allegations made in the report." *United States v. Owen*, 858 F.2d 1514, 1517 (11th Cir. 1988).

In this case, the district court followed the proper procedures in sentencing Castenada-Palaez. The court correctly calculated the Guidelines range. Because the court gave Castenada-Palaez an above-Guidelines sentence, it did not treat the Guidelines as mandatory. The court gave an explanation for its sentence, and its discussion shows it considered the § 3553(a) factors. The court also did not rely on any clearly erroneous facts in sentencing Castenada-Palaez. Even assuming it would have been improper for the district court to rely on Castenada-Palaez's California conviction, the record shows the district court did not consider it. The court prefaced its remarks with the words, "[w]ithout further debating what to do with one California charge." With respect to Castenada-Palaez's Utah conviction, the district court did not have to consider Castenada-Palaez's objection to the PSI's description because it was not sufficiently detailed and Castenada-Palaez did not make clear what facts he was disputing. *See Owen*, 858 F.2d at 1517. The district court thus did not commit any procedural error in sentencing Castenada-Palaez.

## II.

In determining whether the sentence imposed by the district court is substantively reasonable, we consider several factors, including: (1) the nature and

3

circumstances of the offense and the history and characteristics of the defendant, (2) the need to deter criminal conduct, (3) the need to protect the public from further crimes of the defendant, and (4) the advisory Guidelines range. 18 U.S.C. § 3553(a). The party challenging the sentence has the burden of proving it is unreasonable. *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006).

We conclude Castenada-Palaez's sentence is substantively reasonable. Castenada-Palaez had prior convictions for assault, family violence battery, and battery. He also had a prior felony conviction for illegal reentry. Therefore, a nine-month upward variance was appropriate given Castenada-Palaez's history and characteristics. *See* 18 U.S.C. § 3553(a)(1). Castenada-Palaez's sentence also serves the goal of deterrence and helps to protect the public from other crimes. *See* 18 U.S.C. § 3553(a)(2)(B), (C). Furthermore, although Castenada-Palaez's sentence is higher than his Guidelines range of 21 to 27 months, the district court did not abuse its discretion by giving the other § 3553(a) factors more weight than the Guidelines range, and the sentence is well below the maximum permitted by statute. Accordingly, we hold Castenada-Palaez's 36-month sentence is substantively reasonable.

**AFFIRMED.**