[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 14, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15490
Non-Argument Calendar

_____

D. C. Docket No. 07-00166-CR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER ROSS LEFEVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 14, 2009)

Before DUBINA, Chief Judge, TJOFLAT and EDMONDSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Christopher Ross Lefever appeals his conviction for use of a firearm during or in relation to a crime of violence, in violation of 18 U.S.C. 924(c). No reversible error has been shown; we affirm.

Defendant pleaded guilty pursuant to a plea agreement to six counts of robbery or attempted robbery of a commercial business, in violation of 18 U.S.C. § 1951, and one firearm count, in violation of 18 U.S.C. 924(c); the government dismissed five additional robbery counts and one additional firearm count. At his Rule 11 hearing, Fed.R.CrimP. 11, Defendant admitted the factual basis of the robbery counts but maintained that he carried no firearm during or in relation to the robberies;[1] Defendant averred that he carried a BB gun which could discharge only rubber bullets. The district court questioned Defendant fully before accepting Defendant's plea. Both Defendant and his counsel made it clear that Defendant -- with knowledge and understanding of his rights -- elected to plead guilty. The Defendant stated expressly: "The reason I'm pleading guilty to [the firearm count

---

[1]The factual basis for the firearm count presented at the Rule 11 hearing included testimony of the police investigator about the accounts of robbery victims who reported that a firearm was displayed from the belt of the perpetrator's pants, and about surveillance video that showed Defendant reaching into his waistband and indicating the presence of a weapon although no weapon was withdrawn. And sworn grand jury testimony of Defendant's partner in the robberies recounted the partner's presence when Defendant obtained the firearm and the partner's affirmation that Defendant used a gun during at least two of the robberies.

2

together with the robbery counts] is because I'll be worse off if I don't. And I understand that." The district court determined that a sufficient factual basis to support the plea was shown.[2] Again, Defendant affirmed that he wished to plead guilty to the firearm count based upon the factual basis proffered by the government. The plea was accepted.

On appeal, Defendant argues that his guilty plea was constitutionally infirm because the government conditioned its willingness to enter into a plea agreement on the inclusion of the firearm count. Defendant infers coercion from the government's refusal to sever the firearm count from the robbery counts. Defendant also argues that the district court committed reversible error when it determined that a sufficient factual basis existed for his guilty plea. Neither contention is meritorious.

About Defendant's argument that his plea of guilty was coerced, we note that the government was under no obligation to sever the firearm count from the plea agreement. And, the Supreme Court has declined to hold "that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather

---

[2]The district court did express some discomfort with the factual basis for the firearm count at the Rule 11 hearing. But at sentencing, the district court said: I am confirming and ratifying in every respect this Court's determination that the 924(c) count, plea of guilty, is provident in every respect."

3

than face a wider range of possibilities...." Brady v. United States, 90 S.Ct. 1463, 1470 (1970). See also, North Carolina v. Alford, 91 S.Ct. 160, 164 (1970) ("That he would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage."). The plea agreement was not the optimal deal from Defendant's perspective; it was instead an available deal that Defendant much preferred over his other option: no deal at all. The record is clear that Defendant knowingly and voluntarily entered his guilty plea.

That Defendant accompanied his guilty plea with protestations of innocence fails to show that the guilty plea was accepted improperly; no constitutional infirmity attends acceptance of the plea -- despite the defendant's claims of innocence -- provided a factual basis exists to support the plea. See Alford, 91 S.Ct. at 167-68. "[T]he purpose of placing the facts on the record is not to establish guilt as a basis for a judgment of conviction. Rather it is to aid in the constitutionally required determination that the defendant entered the plea intelligently and voluntarily. A factual basis demonstrates a defendant's recognition -- despite his denial of guilt -- that the evidence negates his claim of

4

innocence, he has nothing to gain by a trial, and much to gain by pleading guilty." Wallace v. Turner, 695 F.2d 545, 548 (11th Cir. 1983 (citations omitted).

Defendant's argument challenging the factual basis for his guilty plea on the firearm count is without merit. The factual basis for the plea included grand jury testimony of the co-defendant that Defendant obtained a firearm and used it in at least the last two robberies, as well as statements of store clerks that Defendant had a firearm in his waistband during the robbery. Although we accept that credibility issues permeated the co-defendant's grand jury testimony, no requirement exists that the evidence of guilt be uncontroverted. United States v. Owen, 858 F.2d 1514, 1516 (11th Cir. 1988). We will not overturn a judge's decision to accept a plea when -- as here -- sufficient evidence exists from which a court reasonably could find defendant guilty. Id. at 1516-17.

Even if Defendant could show plain error in the acceptance of his guilty plea, he would be due no plain error relief: Defendant cannot show that, but for the error, he would have persisted in his guilty plea. See Dominguez v. Benitez, 124 S.Ct. 2333, 2340 (2004) ("[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea."). The record is clear that Defendant and his counsel believed the

5

guilty plea was more favorable to Defendant than trial on all counts and the possibility of a consecutive mandatory 25-year sentence. See 18 U.S.C. § 924(c)(1)(C)(i) (providing mandatory minimum 25-year sentence for two firearm convictions). Defendant fails to show a reasonable probability that but for the asserted plain error, he would have persisted in a not guilty plea.

AFFIRMED.