[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10422
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00068-CG-C-10

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFTON FIDELE HEARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(April 1, 2014)

Before TJOFLAT, PRYOR, and HILL, Circuit Judges.

PER CURIAM:

Clifton Fidele Heard appeals after pleading guilty to conspiracy to possess

with intent to distribute one kilogram of crack cocaine, in violation of 21 U.S.C. § 846, and receiving a sentence of 121 months' imprisonment. Heard contends that the district court erred by failing to advise him of the factual basis underlying his guilty plea at his change-of-plea hearing. By neglecting to do so, he continues, the court failed to ensure that he understood the law as it applied to his case, thus violating Fed.R.Crim.P. 11 and negating the voluntary and knowing nature of his plea. He also argues in his reply brief that the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), issued shortly after his initial brief was filed, applies to his case and further warrants remand so that he can withdraw his plea and have his case submitted to a jury for a determination of his guilt and the amount of drugs involved in the charged conspiracy. After careful review, we affirm.[1]

Ordinarily, we review a district court's determination that there is a sufficient factual basis for a guilty plea for an abuse of discretion. *United States v. Owen*, 858 F.2d 1514, 1516 (11th Cir. 1988). However, where, as here, the defendant failed to raise a Rule 11 issue in the district court either by objecting or moving to withdraw his guilty plea, we review for plain error. *United States v. Moriarty*, 429 F.3d 1012, 1018-19 (11th Cir. 2005). To establish plain error, the

---

[1] The government has filed a motion to dismiss the instant appeal pursuant to an appeal waiver contained in the parties' plea agreement. In light of our decision, however, the government's motion is DENIED AS MOOT.

2

defendant bears the burden of showing (1) error, (2) that is plain, and (3) that affects substantial rights. *Id.* at 1019. When neither the Supreme Court nor this Court has clearly resolved an issue, any error as to that issue cannot be plain. *Id.* Regarding the third criterion of plain-error review, the defendant must show a reasonable probability that, but for the error, he would not have entered his guilty plea. *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 2340, 159 L.Ed.2d 157 (2004). If these conditions are met, we may then exercise our discretion to recognize the error if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Moriarty*, 429 F.3d at 1019 (quotations and alterations omitted). On review, we will consider subsequent law that could be applied to already developed arguments, but we generally will not consider wholly new issues and arguments. *See United States v. Nealy*, 232 F.3d 825, 830-31 (11th Cir. 2000).

Under Rule 11(b)(3), the district court, before entering a judgment on a guilty plea, must first "determine that there is a factual basis for the plea." Fed.R.Crim.P. 11(b)(3). This requirement protects "a defendant who mistakenly believes that his conduct constitutes the criminal offense to which he is pleading." *United States v. Frye*, 402 F.3d 1123, 1128 (11th Cir. 2005) (quotations omitted). "The standard for evaluating challenges to the factual basis for a guilty plea is whether the trial court was presented with evidence from which it could reasonably

3

find that the defendant was guilty." *Id.* (quotations omitted). There need not be uncontroverted evidence of guilt; instead, reasonable support is enough. *Owen*, 858 F.2d at 1516-17. "There is a strong presumption that the statements made during the [plea] colloquy are true," *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994), and "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false," *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

Anyone conspiring to commit a federal drug offense "shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy." 21 U.S.C. § 846. When someone without a prior felony drug conviction is convicted of possession with intent to distribute 280 grams or more of a substance containing a detectable amount of crack cocaine, he shall be sentenced to a mandatory minimum of 10 years' imprisonment and a maximum of life imprisonment. *Id.* § 841(b)(1)(A)(iii). However, when the amount of cocaine is unspecified, someone without a prior felony drug conviction shall be sentenced to a maximum of 20 years' imprisonment. *Id.* § 841(b)(1)(C). To establish a conspiracy to possess crack cocaine with intent to distribute, the government must prove beyond a reasonable doubt that (1) an illegal agreement existed; (2) the defendant knew of it; and (3) the defendant, with knowledge, voluntarily joined it. *See United States v. Hernandez,* 433 F.3d 1328, 1333 (11th

4

Cir. 2005).

The Supreme Court has held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).  Applying *Apprendi* in the drug quantity context, we held that the specific quantity of drugs for which a defendant is accountable does not become an element of a drug conviction unless it is used to sentence the defendant beyond the statutorily prescribed maximum penalty for the smallest detectable quantity. *United States v. Clay*, 376 F.3d 1296, 1301 (11th Cir. 2004).  However, the Supreme Court has since clarified that any fact that increases the mandatory minimum is an "element" of the charged crime that must be proven beyond a reasonable doubt.  *Alleyne*, 570 U.S. at ——, 133 S.Ct. at 2155.  In the context of a guilty plea, such an element may be established when the defendant admits the facts in question through a guilty plea or otherwise.  *See United States v. Booker*, 543 U.S. 220, 244, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005) (stating that "[a]ny fact . . . which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

Because Heard did not object to the alleged Rule 11 violation or move to

withdraw his guilty plea before the district court, we review his claim only for plain error. *See Moriarty*, 429 F.3d at 1018-19. In order to prevail, he must show that the district court erred in a manner that is plain and affected his substantial rights. *Id.* He has not done so.

First, it does not appear that the district court erred at all, as Heard has not identified, nor has independent research revealed, any law requiring that a district court summarize the factual basis underlying a guilty plea at a change-of-plea hearing. Heard effectively concedes this point when he urges us to adopt a new rule to that effect.

To be sure, Rule 11(b)(3) does require that, before entering judgment, the court determine that there is a factual basis to support a guilty plea. On that point, however, the record clearly shows that Heard signed a written factual proffer to support his plea, which included details, including the attributable drug amount, that satisfied the elements of the charged crime. Moreover, in response to the court's inquiries at the change-of-plea hearing, Heard affirmed that he read the plea agreement, discussed it with his attorney, and understood it. He also affirmed the veracity of the factual proffer, and each of his statements is presumed to be true. *Medlock*, 12 F.3d at 187.

Further, Heard's claim that the Supreme Court's intervening decision in *Alleyne* negated the knowing and voluntary nature of his plea may not be properly

preserved, because rather than simply presenting new law that could be applied to an already developed argument, he instead raises a completely new issue and argument not presented to the district court or in his initial brief to this court. *See Nealy*, 232 F.3d at 830-31.

Regardless, even if Heard's *Alleyne* claim is properly presented, it is without merit because in the context of a guilty plea, an offense element—such as the attributable drug quantity—may be established either by a jury *or* by an admission. *Booker*, 543 U.S. at 244, 125 S.Ct. at 756. Heard admitted the attributable drug quantity in his plea.

Finally, even if the court erred by not summarizing the factual basis supporting Heard's plea at the change-of-plea hearing, any such error would still not constitute grounds for reversal. In the absence of a clear directive to do so, which Heard concedes is lacking here, any error resulting from the failure to summarize the factual basis for the plea could not be plain. *See Moriarty*, 429 F.3d at 1019. Also, Heard cannot show that he would not have entered his plea if the court had advised him of the factual basis underlying the conspiracy charge because he entered into and signed the plea agreement with the government *before* the Rule 11 hearing which he now claims was defective. *See Dominguez Benitez*, 542 U.S. at 83, 124 S.Ct. at 2340.

For all of these reasons, we affirm.

**AFFIRMED.**