[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12639
Non-Argument Calendar
_____

D.C. Docket No. 1:05-cr-00050-WLS-RLH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STAN RIZOR JACKSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(June 3, 2014)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Stan Jackson appeals the 24-month sentence he received following revocation of his supervised release. First, he argues that the district court violated his due process rights both by basing his revocation sentence on conduct unrelated to his alleged supervisory release violations as well as by not giving him adequate notice that it would rely on such conduct. Second, he contends that the district court erred by basing its revocation sentence on the biased advocacy of a probation officer in violation of his due process rights and separation of powers principles. Third, he argues that the district court violated Fed. R. Crim. P. 32 because it based his revocation sentence on disputed facts. After careful review of the record and the parties' briefs, we affirm.

## I.

In 2005, a federal grand jury indicted Jackson on six felony counts, including mail theft in violation of 18 U.S.C. § 1708 (Count One). He pleaded guilty to Count One in 2006. As Jackson notes in his brief, the presentence investigation report (PSR) prepared in 2006 noted that "while in pretrial detainment on the federal indictment, Jackson was alleged to have sodomized his cellmate, conduct for which Georgia intended to arrest him upon his release from federal custody." Jackson also notes in his brief that his 2006 PSR alleged that in 2002 he "assaulted other inmates when they refused to give him money to make purchases at the jail commissary." Those extortion and battery charges were not

2

prosecuted. The district court sentenced Jackson to 15-months imprisonment followed by three years of supervised release. He completed his sentence and was released to a state detainer on the sodomy charge.

In September 2009 Georgia convicted Jackson on the sodomy charge and he was sentenced to 20-years imprisonment, with three years to be served in custody and the balance probated. He was released from state custody on January 6, 2013. After Jackson violated both his federal and state probation by failing to report for supervision, Georgia arrested him on a probation violation warrant on January 10, 2013. While awaiting a probation revocation hearing, Jackson "masturbated in the presence of a female corrections officer, conduct that resulted in both a new criminal charge of public indecency and a new probation violation." Jackson was sentenced to serve 180 days after he admitted to the Georgia probation violations.

During the time his state probation was revoked for 180 days, the United States petitioned for a warrant to be issued and for Jackson's supervised release to be revoked. The United States alleged that Jackson (1) failed to report to his probation officer upon release from custody; (2) failed to notify his probation officer within 72 hours of being arrested; and (3) violated the law while on supervised release. The district court issued the warrant and Jackson was brought into federal custody on March 27, 2013.

As the Probation Office was preparing its revocation PSR, the U.S. Marshals

Service forwarded on a letter from the mother of a former cellmate of Jackson's. According to the letter, the woman's son told her that Jackson threatened to have him beaten unless he arranged for his mother to send a money order in Jackson's name to the jail where they both were held. After the woman refused to send the money order, her son was attacked by unidentified assailants. When Jackson received his revocation PSR, it noted the receipt of the letter. The revocation PSR also stated that all three of Jackson's alleged violations of his probation were Grade C violations, resulting in a guideline range of seven to thirteen months and a statutory maximum sentence of two years.

Jackson's revocation hearing took place on May 16, 2013. He admitted he violated the terms of his supervised release in the three ways alleged by the Probation Office. The government then presented the testimony of Barbara Philmon, the woman who wrote the letter to the U.S. Marshals. Jackson objected to her testimony on hearsay and relevance grounds, but the district court overruled those objections. Her son Matthew Philmon (Philmon) also testified, giving an account consistent with that in her letter.

At the hearing the government asked the district court to consider the extortion and battery charges listed in Jackson's PSR that were not prosecuted. The government's attorney began his request by stating that the probation officer had pointed out the relevant portion of the PSR "to me prior to the hearing."

4

Jackson's attorney responded by stating the "offense was nolle prossed" and the court should consider "that that case was, in fact, dismissed." His attorney also stated that the alleged conduct toward Philmon was not alleged in the petition for action on supervised release, and that it had not been established that Jackson assaulted Philmon or played a role in the assault.

The district court determined that to comply with the factors in 18 U.S.C. § 3553(a) a sentence of 24-months imprisonment was necessary. Although there was no direct evidence Jackson assaulted Philmon, the district court found that a preponderance of the evidence established that Jackson threatened him. The court told Jackson it was "concerned that you're not prepared to comport yourself as you should while being on supervised release." The district court added that it had taken the guidelines under advisement but found them to be inadequate. After the district court asked for any objections "to the sentence or the manner in which it was imposed," Jackson stated that because his violations were C grade, a 24-month sentence was greater than necessary. The district court noted the objection and responded by elaborating that it had "particularly taken into account the defendant's conduct upon release and failure to report, which it thinks is very important to successfully serve his supervised release sentence, as well as the other conduct of the threat and the nature of the offense in number 3, the indecent exposure, and, therefore, finds this sentence to be reasonable as imposed."

The district court entered an amended judgment in May 2013.  This appeal followed.

## II.

We first address Jackson's argument that the district court violated his due process rights.  Jackson raises this argument for the first time in this Court. Constitutional objections not raised before the district court are reviewed for plain error.  United States v. Moriarty, 429 F.3d 1012, 1018 (11th Cir. 2005) (per curiam).  Under that standard, if an error is plain and affects substantial rights, we have the discretionary authority to provide relief if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993).  In order to satisfy the plain error rule, an asserted error must be clear from the plain meaning of a statute or constitutional provision, one of our holdings, or a holding of the Supreme Court. United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003) (per curiam).

Defendants in revocation proceedings are entitled to certain due process protections.  United States v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994).  Among other things, a person facing revocation of supervised release is entitled to written notice of the alleged violation or violations and disclosure of the evidence against him.  Fed. R. Crim. P. 32.1(b)(2).  However, sentencing courts are not limited in the type of information concerning the "background, character, and conduct of a

6

person convicted of an offense" that they may receive and consider when determining an appropriate sentence.  18 U.S.C. § 3661.

Jackson objected to the testimony regarding his alleged threat against Philmon on the grounds that it was hearsay and irrelevant.  However he did not object to the testimony on Due Process Clause grounds, and therefore plain error review is proper.  Moriarty, 429 F.3d at 1018.  Jackson does not cite, and we have not found, any decision where the Supreme Court or this Court found that considering conduct beyond what was alleged in the petition for revocation when determining a sentence violates the Due Process Clause.  Therefore, any error in that regard was not plain.  Lejarde-Rada, 319 F.3d at 1291.

As to Jackson's notice argument, his alleged threat toward Philmon did not have to be included in the petition for revocation because it was not an alleged probation violation for the purpose of revoking supervised release.  The threat was included in the revocation report, which Jackson received more than two weeks before the revocation hearing.  As such, Jackson received adequate notice of the evidence against him and there was no error with respect to notice, plain or otherwise.  Fed. R. Crim. P. 32.1(b)(2).

## III.

We next address Jackson's argument, made also for the first time on appeal, that his rights were violated because the probation officer highlighted for the

7

government, apparently ex parte, a section of Jackson's original PSR.  A probation

officer is an "arm of the court" who acts as a "liaison between the sentencing

court . . . and the defendant."  United States v. Bernardine, 237 F.3d 1279, 1283

(11th Cir. 2001) (quotation marks omitted).  Therefore, the officer should be

mindful that their role is as "the court's 'eyes and ears,' a neutral information

gatherer with loyalties to no one but the court."  United States v. Reyes, 283 F.3d

446, 455 (2d Cir. 2002) (quotation marks omitted).

However, even if the probation officer's contact with the government was

construed as indicating partiality, there was still no plain error.  The district court

stated that Jackson's 24-month sentence was based particularly on his failure to

report, the nature of a public indecency offense Jackson committed while on

supervised release, and his threat to Philmon—recent conduct showing he was

unable to comport himself while on supervised release.  It also stated that it found

by a preponderance of the evidence that Jackson issued the threat to Philmon,

relying on the testimony of Philmon and his mother.  As a result, even if we

assume bias on the part of the probation officer, it did not affect Jackson's

"substantial rights," because the information the probation officer supplied was not

a basis for his sentence.  Thus, there was no reversible plain error.  Olano, 507 U.S.

at 732, 113 S. Ct. at 1776.

8

**IV.**

Finally we address Jackson's argument that he may have been sentenced based on inaccurate information in violation of his due process rights. Jackson argues that he challenged the factual basis of the allegations in his 2006 PSR but the district court failed to undertake the necessary analysis under Rule 32 to resolve the factual dispute. We normally review <u>de novo</u> legal questions concerning the Federal Rules of Criminal Procedure. <u>United States v. Spears</u>, 443 F.3d 1358, 1361 (11th Cir. 2006) (per curiam). However, such arguments are reviewed for plain error when raised for the first time on appeal, as they are here. <u>United States v. Perez</u>, 661 F.3d 568, 583 (11th Cir. 2011) (per curiam).

Due process protects the right not to be sentenced on the basis of false information. <u>Shukwit v. United States</u>, 973 F.2d 903, 904 (11th Cir. 1992) (per curiam). Under Rule 32, a district court must rule on a factual dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing or because the court will not consider the matter in sentencing. Fed. R. Crim. P. 32(i)(3)(B). A defendant triggers Rule 32(i)(3)(B) only by challenging statements of fact that are in the PSR. <u>United States v. Owen</u>, 858 F.2d 1514, 1517 (11th Cir. 1988) (per curiam).[1] We have held that "challenges to the [PSR] must assert with

---

[1] The language quoted from <u>Owen</u> was contained in Rule 32(c)(3)(D). Rule 32 was subsequently amended multiple times, however there is no substantive difference in the language pertinent to

9

specificity and clarity each factual mistake of which [the] defendant complains." United States v. Aleman, 832 F.2d 142, 145 (11th Cir. 1987).

Jackson did not dispute the truthfulness of the facts as stated in his 2006 PSR, and waived his challenge to the facts of the 2002 allegations against him. See Bennett, 472 F.3d at 832.  Even if we consider the objection he raises for the first time on appeal, we find no plain error.  The record does not indicate that the district court considered the 2002 battery and extortion allegations in determining Jackson's sentence.  Instead, the court found that reliable information showed that Jackson threatened Philmon and then relied on that threat to support its sentencing decision.  The record shows that the district court did not resolve the factual dispute of which Jackson now complains, and therefore there was no error.  Olano, 507 U.S. at 732, 113 S. Ct. at 1776.

## V.

Because the district court did not commit plain error in sentencing Jackson to 24-months imprisonment following the revocation of his supervised release, we affirm his sentence.

**AFFIRMED.**

---

this case between the current and earlier versions.  Compare Fed. R. Crim. P. 32(i)(3)(B) (2013), with Fed. R. Crim. P. 32(c)(1) (1995), and Fed. R. Crim. P. 32(c)(3)(D) (1993).