[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10017
Non-Argument Calendar

_____

D.C. Docket No. 5:13-cr-00045-ACC-PRL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK JAMES WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 24, 2014)

Before MARCUS, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Mark Williams appeals his conviction and 120-month sentence for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5) and (b)(2).  On appeal, Williams argues that: (1) the district court erred in imposing his

120-month sentence to run consecutive, rather than concurrent, to his undischarged 120-month sentence for unrelated conduct; (2) the court erred by not addressing his objection to a factual dispute in the presentence investigation report ("PSI") and his complaints about the representation of his attorneys; and (3) for the first time, that his trial attorneys were ineffective.  After careful review, we affirm.

We review the district court's imposition of a consecutive sentence for abuse of discretion.  United States v. Covington, 565 F.3d 1336, 1346 (11th Cir. 2009). We review de novo legal questions concerning the Federal Rules of Criminal Procedure.  United States v. Spears, 443 F.3d 1358, 1361 (11th Cir. 2006). However, we typically review arguments for plain error when raised for the first time on appeal.  See United States v. Perez, 661 F.3d 568, 583 (11th Cir. 2011). To show plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights.  United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id.

First, we are unpersuaded by Williams's claim that the district court abused its discretion by running his sentences consecutively.    When a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the district court may elect to run the terms concurrently or

2

consecutively.  18 U.S.C. § 3584(a).  By statute, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  18 U.S.C. § 3584(a).  In deciding whether to impose concurrent or consecutive terms, the court must consider the factors set forth in § 3553(a).  Id. § 3584(b).[1]  Echoing the statute, the Sentencing Guidelines recommend that, when imposing a sentence on a defendant already subject to an undischarged term of imprisonment, the sentence for the instant offense may run concurrently, partially concurrently, or consecutively to the undischarged term of imprisonment.  U.S.S.G. § 5G1.3(d).  The Guidelines recommend that the court run the sentence in a manner that "achieve[s] a reasonable punishment for the instant offense."  Id.  Both § 3584 and § 5G1.3 "evince a preference for consecutive sentences when imprisonment terms are imposed at different times." United States v. Ballard, 6 F.3d 1502, 1506 (11th Cir. 1993).

In this case, the district court expressly said that it had considered the § 3553(a) sentencing factors in deciding to impose his 120-month sentence consecutive to his undischarged 120-month sentence.  As the record reveals, the

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

court discussed Williams's criminal history, specifically his prior conviction for the same type of child-pornography-possession offense. The court also noted that Williams's undischarged sentence for his drug conviction was not related to the instant offense and already was being served concurrent to his failure-to-register conviction. In light of Williams's history and characteristics, the court determined that a consecutive sentence was important to achieve the statutory purposes of sentencing. Additionally, the court explained that the consecutive sentence it imposed was "sufficient but not greater than necessary" to achieve these purposes.

Moreover, because the instant sentence and the undischarged sentence were imposed at different times, nearly four years apart, the sentences must run consecutively unless the court orders otherwise, which the court did not do here. See 18 U.S.C. § 3584(a). Indeed, both § 5G1.3 and § 3584 show a preference for sentences imposed at different times to run consecutively. Ballard, 6 F.3d at 1506. Further, contrary to Williams's argument, the court did not need to consider the Sentencing Commission's proposed factors for consideration when sentencing under § 2G2.2, since § 2G2.2 was never amended to include those factors.

We also find no merit to Williams's claim that the district court did not address his concerns at sentencing. Under Rule 32, the district court "must -- for any disputed portion of the presentence report or other controverted matter -- rule on the dispute or determine that a ruling is unnecessary either because the matter

4

will not affect sentencing, or because the court will not consider the matter in sentencing." Fed.R.Crim.P. 32(i)(3)(B). A defendant triggers Rule 32(i)(3)(B) only by challenging statements of fact that are in the PSI. See United States v. Owen, 858 F.2d 1514, 1517 (11th Cir. 1988) (discussing Rule 32(c)(3)(D), the predecessor to Rule 32(i)(3)(B)). Further, before imposing a sentence, the district court must address the defendant and allow him to speak in mitigation of his sentence. Fed.R.Crim.P. 32(i)(4)(A)(ii).

Williams has not shown any plain error -- the appropriate standard of review since Williams failed to challenge these issues at sentencing, even when provided the opportunity to speak -- concerning the court's failure to question him regarding his objection to the PSI and his counsels' alleged ineffective assistance. Indeed, as the record shows, Williams's objection to the language in the PSI concerning the confidential informant, as raised in his sentencing statement, already had been raised by his attorney and resolved when the probation officer modified the challenged language and included a statement that Williams denied engaging in any sexual misconduct in Costa Rica. Moreover, Williams cites nothing to suggest that the district court was obligated to question him about his dissatisfaction with his trial counsel, particularly when Williams did not request substitute counsel in his sentencing statement. The court complied with Rule 32's mandate to allow

5

Williams to speak at sentencing, and when given this opportunity, Williams did not express any dissatisfaction with his attorneys.

But even if the district court's failure to question Williams on these two issues constitutes plain error, Williams did not show that such error affected his substantial rights. The record does not indicate that the district court considered the allegation of sexual misconduct in Costa Rica in determining Williams's sentence. Rather, the court relied on his prior convictions for possessing child pornography, importing and distributing cocaine, and failing to register as a sex offender to support its sentencing decision. Williams also offers no evidence to show that the court's knowledge of his dissatisfaction with his attorneys would have resulted in a lesser sentence. Therefore, the district court did not affect Williams's "substantial rights" by failing to resolve any factual dispute that may have existed or by failing to address his counsels' alleged ineffectiveness.

Finally, we decline to review Williams's ineffective assistance of counsel claim. To sustain an ineffectiveness claim, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984). However, "[i]t is settled law in this circuit that a claim of ineffective assistance of counsel cannot be considered on direct appeal if the claims were not first raised before the district court and if there has been no opportunity to develop a record of evidence relevant

to the merits of the claim." United States v. Franklin, 694 F.3d 1, 8 (11th Cir. 2012) (citation omitted). "The preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion even if the record contains some indication of deficiencies in counsel's performance." United States v. Patterson, 595 F.3d 1324, 1328 (11th Cir. 2010) (quotation omitted). Only if the record is sufficiently developed will we consider such a claim on direct appeal. Id.

Here, we will not address Williams's ineffectiveness claims on direct appeal because he did not raise these claims before the district court. Further, the record is insufficiently developed to allow for meaningful review at this stage, since there is no evidence of counsels' strategy for the actions Williams asserts were deficient, nor is there a transcript of the hearing in which the district court evaluated Williams's second motion for substitute counsel.

**AFFIRMED.**