[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10643
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-00240-WS-C-5


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY TIMMONS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 4, 2015)

Before MARTIN, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Corey Timmons appeals his conviction for one count of conspiracy under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(d).

## I.

Timmons argues that, because he did not have the requisite mens rea, there was not a sufficient factual basis for his guilty plea in violation of Federal Rule of Criminal Procedure 11(b)(3).  He also argues that the district court did not adequately explain the charges against him, as is required by Federal Rule of Criminal Procedure 11(b)(1)(G).  Upon review of the record and consideration of the parties' briefs, we affirm.

Timmons pleaded guilty to conspiring to participate in the conduct of an enterprise through a pattern of racketeering activity, which in his case involved the purchase and sale of previously stolen goods.  At the plea hearing, Timmons, his attorney, and the district court had a number of exchanges about what was included in the plea and the extent to which Timmons would be held responsible for acts of the enterprise which occurred before he became involved.  Timmons also crossed out several phrases in the government's account of the facts which indicated that he knew the electronics were stolen.  Still, after hearing several different explanations of the elements of the offense and the scope of his culpability, Timmons said that he did not have any more questions and entered his plea of

2

guilty.  He was sentenced to 35 months' imprisonment and a period of supervised release, and he was directed to pay $68,496.03 in restitution.  Timmons never attempted to withdraw his guilty plea.

## II.

Timmons first claims that there was not a sufficient factual basis for his guilty plea under Rule 11(b)(3).  When a defendant does not object to a plea agreement or move to withdraw his plea in the district court, we review a Rule 11 challenge for plain error.  United States v. Rodriguez, 751 F.3d 1244, 1251 (11th Cir.), cert. denied, ___ U.S. ___, 135 S. Ct. 310 (Oct. 6, 2014).  The defendant bears the burden of establishing plain error, and must show "(1) error, (2) that is plain, and (3) that affects substantial rights."  Id. at 1251 (quotation omitted).  If the defendant satisfies all three conditions, we may exercise our discretion to reverse only where the error "seriously affects the fairness, integrity or public reputation of judicial proceedings."  United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005) (quoting United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993)).

First, to show error when reviewing a claim of insufficient factual basis for a guilty plea, we evaluate "whether the trial court was presented with evidence from which it could reasonably find that the defendant was guilty."  United States v.

3

Frye, 402 F.3d 1123, 1128 (11th Cir. 2005) (per curiam) (quotation omitted).  We need not find uncontroverted evidence of guilt, and we may affirm even where a reasonable factfinder could have ruled in favor of the defendant after a trial. United States v. Owen, 858 F.2d 1514, 1516–17 (11th Cir. 1988) (per curiam).

Timmons pleaded guilty to a RICO conspiracy, under which the government must prove that the defendant objectively manifested, through words or actions, an agreement to participate in the underlying conspiracy.  United States v. Starrett, 55 F.3d 1525, 1543 (11th Cir. 1995) (per curiam).  This agreement can be (1) an agreement on an overall objective, or (2) an agreement to personally commit two predicate acts participating in the single objective conspiracy.  Id. at 1544.  "There is rarely any direct evidence of an agreement to join a criminal conspiracy, so that a defendant's assent can be inferred from acts furthering the conspiracy's purpose."  United States v. Gianni, 678 F.2d 956, 959 (11th Cir. 1982).  The government can prove an agreement on overall objective through circumstantial evidence showing a defendant must necessarily have known that others were participating in the same racketeering enterprise.  Starrett, 55 F.3d at 1544.  The government need not prove that the defendant knew his co-conspirators or was aware of all the details of the conspiracy.  Id.

The district court did not plainly err when it found "ample evidence" that Timmons agreed to participate in the underlying conspiracy to sell stolen property.

4

Owen, 858 F.2d at 1516.  Throughout sentencing, Timmons repeatedly claimed that he did not know the property was stolen and was merely a businessman.  Yet many facts in the record cast considerable doubt on his protestations.  For example, in November 2011, Timmons orchestrated the sale of a shipment of computers and televisions.  The circumstances of the sale were highly suspicious.  Timmons met the purchaser in a storage unit parking lot and received nearly fifty thousand dollars in cash, which Timmons immediately distributed to three of his co-conspirators.  The woman who made the electronics purchase later called Timmons, and in that recorded call he told her not to talk to law enforcement officers about the sale.  Enterprise leader Jason Spellen told Timmons in a recorded call that he shipped items that were "on fire" out of the country, and that he never stored inventory at his house to avoid police detection.  Once Spellen was under investigation, Timmons offered to stop an incoming shipment of merchandise to Spellen, who agreed because he couldn't take "any more damage." All of this together is ample evidence to support the finding that Timmons knowingly participated in the conspiracy to sell stolen goods.

Even if Timmons were able to show that the district court committed error in accepting his plea, he still would not succeed in showing that the error affected his substantial rights.  To show that an error affected substantial rights in the guilty plea context, a defendant "must show a reasonable probability that, but for the

5

error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004). This is a "daunting obstacle" that is very difficult to satisfy, and if the record shows that "it is as likely that the error had no effect on his decision, he cannot prevail." United States v. Davila, 749 F.3d 982, 994 (11th Cir. 2014) (per curiam) (alteration adopted) (quotation omitted). We may examine the whole record when deciding whether an alleged Rule 11 error affected a defendant's substantial rights. United States v. Brown, 586 F.3d 1342, 1345–46 (11th Cir. 2009). Timmons offers no compelling argument that he would not have entered the plea absent the error. He never claimed that his behavior was innocent,[1] and the plea agreement he signed indicates that Timmons and his attorney evaluated his chance at trial on two counts and ultimately agreed to plead guilty on one instead. Beyond that, Timmons never challenged the plea until this appeal, which also weighs in favor of harmless error. See United States v. Bonilla, 579 F.3d 1233, 1239 (11th Cir. 2009) (noting that a defendant did not object or move to withdraw the plea at either the hearing or at sentencing,

---

[1] Timmons alleges that he professed his innocence at sentencing by saying he was "not in the business of illegitimate products. I just met Jason in February of 2011. This incident happened in November of 2011. Now I'm part of a big conspiracy. I don't think so. It's not–." Though one interpretation of this statement could be that Timmons was claiming innocence, it is at least as likely that Timmons was protesting the possibility of being convicted for aspects of a RICO conspiracy beyond his actual involvement. Either interpretation falls short of showing a reasonable probability that he would not have pleaded guilty but for the error.

weighing in favor of harmless error).  In short, any purported error here was harmless, and the district court did not commit plain error.

### III.

Timmons next claims that the district court inadequately explained the charges against him in violation of Federal Rule of Criminal Procedure 11(b)(1)(G).  That rule requires the district court to inform the defendant of the nature of the charges to which he is pleading guilty and determine that the defendant understands the charges.  Fed. R. Crim. P. 11(b)(1)(G).  There is no simple or mechanical rule for complying with this requirement, and the level of inquiry varies based on the complexity of the charges as well as the defendant's sophistication and knowledge.  United States v. DePace, 120 F.3d 233, 237 (11th Cir. 1997).  We have indicated that an explanation of the elements based on jury instructions is "the outer limit" of what is required under Rule 11(b)(1)(G).  United States v. Wiggins, 131 F.3d 1440, 1443 (11th Cir. 1997) (per curiam) (quoting United States v. Lopez, 907 F.2d 1096, 1099 (11th Cir. 1990)).  Because Timmons did not raise this challenge below, it too is evaluated for plain error.  See Rodriguez, 751 F.3d at 1251.

The district court did not plainly err in explaining the elements of the charge to Timmons.  During Timmons's plea colloquy, the district court detailed the elements of Timmons's offense, clarified what the offense did and did not include,

and ensured that Timmons understood and had no more questions before accepting his guilty plea. This was sufficient to satisfy Rule 11(b)(1)(G). Timmons argues that the modifications he made to the proffered factual basis for his plea and his statements to the court both indicate that he did not understand the elements of the offense. Based on this, he argues, the district court was then obligated to go beyond its original explanation to make sure he fully understood the charges. While it may be true that a court must engage in additional explanation with a defendant whose statements suggest he does not understand the charges against him, the district court here was not faced with that situation. Timmons's modifications to the factual basis for the plea and his back and forth discussion about what aspects of the conspiracy were attributable to Timmons all focused on the scope of his culpability within the larger enterprise, not whether he understood the charges themselves. The district court's explanations satisfied the "outer limit" of what Rule 11(b)(1)(G) requires and did not constitute plain error.

**AFFIRMED.**

8