[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11481
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cr-80167-KAM-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICO MCKENZIE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 5, 2016)

Before WILSON, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Rico McKenzie pleaded guilty to two counts, each of "encourag[ing] or induc[ing]" in violation of 8 U.S.C. § 1324(a)(1)(A) a different alien's unauthorized entry into the United States.  On appeal, McKenzie argues that the district court accepted the guilty plea despite lack of evidence supporting the plea; that the district court erred by applying § 2L1.1(b)(5)(A) of the United States Sentencing Guidelines; and that the district court erred by burdening McKenzie with proving the applicability of a reduction recommended by § 2L1.1(b)(1)(A) of the Sentencing Guidelines.  We affirm.

## I.

McKenzie argues that the district court accepted his guilty plea despite lack of evidence supporting the plea.[1]  Under Rule 11(b)(3) of the Federal Rules of Criminal Procedure, a district court can accept a guilty plea only if a "factual basis" for the plea exists.  Considering an appeal under Rule 11(b)(3), we review whether evidence exists from which the district court could reasonably determine guilt; acceptance of a guilty plea in the absence of such evidence constitutes an

---

[1] Also, McKenzie notes a defect in the plea agreement, in which he pleads guilty to a violation of § 1324(a)(1)(A)(iv), "encourag[ing] or induc[ing]" an alien's unauthorized entry into the United States, but which lists the elements that establish a violation of § 1324(a)(2), "attempt[ing]" to bring to the United States an alien unauthorized to enter the United States. McKenzie argues that, by accepting the guilty plea despite this defect, the district court in violation of Rule 11(b)(1)(G) failed to inform him of "the nature of each charge to which the defendant is pleading."  However, review of a transcript of a proceeding during which McKenzie changed his plea reveals that the district court orally informed McKenzie not only of the elements that establish a violation of § 1324(a)(2) but of the elements that establish a violation of § 1324(a)(1)(A)(iv), elements the existence of which McKenzie admitted.

abuse of discretion and requires reversal.  *See United States v. Owen*, 858 F.2d 1514, 1516 (11th Cir. 1988) (per curiam).

Arguing abuse of discretion, McKenzie states that no evidence establishes that he "encouraged or induced" an alien's unauthorized entry into the United States.  However, McKenzie not only owned the boat caught transporting to the United States two aliens[2] unauthorized to enter the United States but was aboard the boat during the transportation.  Also, before the district court accepted the guilty plea, McKenzie and the United States stipulated that each alien "boarded the vessel with the intent and understanding that [McKenzie] . . . would transport" the alien to the United States.  Evidence exists from which the district court could reasonably determine McKenzie's guilt and could accept his guilty plea.  No abuse of discretion occurred.

## II.

McKenzie argues that the district court erred by applying § 2L1.1(b)(5)(A) of the Sentencing Guidelines, which recommends an increased sentence if an offense involves the discharge of a firearm.  The United States Coast Guard fired a shot immobilizing McKenzie's boat after the captain, McKenzie's co-defendant, refused to obey the coast guard's instruction to stop the boat.

---

[2] Although the boat contained nineteen aliens unauthorized to enter the United States (other than McKenzie, who was also unauthorized to enter the United States), McKenzie pleaded guilty to "encouraging or inducing" two of the nineteen aliens to enter the United States.

Section 2L1.1(b)(5)(A) applies even if the defendant "induced" the discharge of a firearm. *See* U.S.S.G. § 1B1.3(a)(1)(A). In other words, the section applies even if the defendant " br[ings] about, produce[s], or cause[s]" the discharge of a firearm. *See United States v. McQueen*, 670 F.3d 1168, 1170 (11th Cir. 2012).

Asserting that § 2L1.1(b)(5)(A) is inapplicable, McKenzie repeats his arguments before the district court and argues that he was a mere passenger on the boat and that he exercised no control over the boat. However, McKenzie fails to explain why the district court clearly erred in finding otherwise. We review the district court's factual findings for clear error, and "[w]e may affirm for any reason supported by the record, even if not relied upon by the district court." *United States v. Hall*, 714 F.3d 1270, 1271 (11th Cir. 2013) (citation omitted). As this opinion states earlier, McKenzie's ownership of and presence on the boat support the district court's conclusion that McKenzie exercised some control over the boat. And McKenzie and the United States stipulated to facts that establish McKenzie's control over the boat.

### III.

McKenzie argues that the district court erred by burdening him with proving the applicability of a reduction recommended by § 2L1.1(b)(1)(A) of the Sentencing Guidelines, a burden that McKenzie failed to satisfy. Squarely foreclosing McKenzie's argument, *United States v. Wilson*, 884 F.2d 1355, 1356

(11th Cir. 1989), holds that a defendant bears the burden of proving the

applicability of a reduction recommended by the Sentencing Guidelines.  *See also*

*United States v. Zaldivar*, 615 F.3d 1346, 1352 (11th Cir. 2010).

**AFFIRMED.**