[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10395
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20531-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN TELEMAQUE,
a.k.a. TMAC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 11, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Stephen Telemaque appeals his conviction for conspiracy to possess with intent to distribute a detectable amount of ethylone.  On appeal, he argues that the district court abused its discretion in denying his motion to withdraw his guilty plea.[1]  He argues that his plea was not voluntary because he would not have entered it absent the mistaken advice from counsel that the proper ethylone-to-marijuana volume conversion ratio used in sentencing calculations was 1:500.  Upon review of the record and the parties' briefs, we affirm Telemaque's conviction.

We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion.  *United States v. Symington*, 781 F.3d 1308, 1312 (11th Cir. 2015).  A district court abuses its discretion if it fails to apply the proper legal standard or to follow proper procedures in making the determination, if it makes findings of fact that are clearly erroneous, or if the denial is arbitrary or unreasonable.  *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006).  There is no absolute right to withdraw a guilty plea prior to imposition of a sentence, and the decision of whether to permit withdrawal is left to the sound discretion of the district court.  *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988).  Defendants seeking to withdraw a guilty plea after its acceptance but

---

[1]    Other issues raised on appeal by Telemaque have been dismissed in a previous order of this Court based on the sentence appeal waiver.

2

prior to sentencing must show that there is a "fair and just reason" for doing so.

Fed. R. Crim. P. 11(d)(2)(B).

In determining whether a defendant has met his burden to show a "fair and just reason" to withdraw a guilty plea, a district court may consider the totality of the circumstances surrounding the plea, including whether: (1) close assistance of counsel was available; (2) the plea was knowing and voluntary; (3) judicial resources would be conserved; and (4) the government would be prejudiced if the defendant were allowed to withdraw his plea. *Buckles*, 843 F.2d at 471-72. If an appellant does not satisfy the first two factors of the *Buckles* analysis, we need not thoroughly analyze the remaining factors. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987) (affirming a district court's denial of a motion to withdraw a guilty plea based on the first two factors, but declining to give "considerable weight" to the third factor or "particular attention" to the possibility of prejudice to the government).

The good faith, credibility, and weight of a defendant's assertions in support of a motion to withdraw a guilty plea are issues for the trial court to decide. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). Statements made under oath by a defendant during a plea colloquy receive a strong presumption of truthfulness. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Consequently, a defendant bears a heavy burden to show that his statements under

oath were false. *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). The timing of an appellant's motion to withdraw a plea also deserves consideration, as it may be indicative of the defendant's motivation. *Gonzalez-Mercado*, 808 F.2d at 801. A swift change of heart is a strong indication that the plea was entered in haste and confusion. *Id.* To grant a motion to withdraw simply because a defendant is wary of a harsher-than-contemplated sentence would be to permit the defendant to use the guilty plea as a means of testing the weight of a potential sentence, which is a primary ground for denying plea changes. *Id.*

In assessing whether close assistance of counsel was available through plea proceedings, we examine whether counsel was available and utilized. *See United States v. McCarty*, 99 F.3d 383, 385 (11th Cir. 1996) (finding no abuse of discretion where the district court, after hearing testimony regarding the defendant's allegedly involuntary guilty plea, concluded that he had been ably and professionally represented and that close assistance of counsel was available and utilized extensively).

Under Rule 11, before a court can accept a guilty plea, it must inform the defendant of his rights should he plead not guilty, the nature of the charges against him, the potential penalties, the court's obligation to calculate his advisory guideline range, and the terms of any sentence appeal waiver in the plea agreement. *See* Fed. R. Crim. P. 11(b)(1)(B)-(E), (G)-(N). The court must also

explain that a guilty plea waives the defendant's trial rights and ensure that the plea is entered voluntarily and is supported by a sufficient factual basis. *See id.* (b)(1)(F), (b)(2)-(3). Further, the court must explain that the defendant can be prosecuted for perjury for testifying falsely under oath. *See* Fed. R. Crim. P. 11(b)(1)(A). Rule 11 does not require uncontroverted evidence of guilt. *United States v. Owen*, 858 F.2d 1514, 1516–17 (11th Cir. 1988). Instead, Rule 11 requires "evidence from which a court could reasonably find that the defendant was guilty." *Id.* at 1517.

We have affirmed the denial of a motion to withdraw a guilty plea based on a defendant's contention that he relied on his attorney's underestimation of his potential sentence under a plea agreement where the defendant was informed of the applicable minimum and maximum penalties, that he could not rely on his counsel's prediction, and that the sentence actually imposed by the court could differ from any estimate the defendant received from anyone, including his attorney. *United States v. Pease*, 240 F.3d 938, 940-41 (11th Cir. 2001). We have also held that a district court abused its discretion in denying a defendant's motion to withdraw a guilty plea that was based on incorrect statements in the plea agreement that his prior convictions did not qualify as predicate offenses for purposes of an enhanced sentence under the Armed Career Criminal Act and that he faced a maximum penalty of ten years' imprisonment. *Symington*, 781 F.3d at

1310, 1314. In addition, we noted that the *Symington* district court twice erroneously stated that it could sentence the defendant to a maximum of ten years' imprisonment, and thus did not comply with Rule 11's requirement to inform the defendant of the possible maximum penalty of life imprisonment and the mandatory minimum penalty of 15 years' imprisonment that he would be subjected to by pleading guilty. *Id.*

Here, the district court did not abuse its discretion in denying Telemaque's motion to withdraw his guilty plea. First, Telemaque had the close assistance of counsel because counsel was appointed before the superseding indictment was returned, and counsel advised Telemaque about the charges against him, the advisory sentencing guidelines, his plea agreement, and other matters about the case to Telemaque's satisfaction. That Telemaque's counsel did not advise him of the possibility of an ethylene conversion ratio of 1:250, based on a district court case that had not yet been published before Telemaque entered his plea, did not demonstrate that he lacked the close assistance of counsel.

Second, Telemaque does not contend that the district court made any Rule 11 errors and never stated that he would not have pled guilty but for his counsel's allegedly defective advice about the ethylene conversion ratio. *Dominguez Benitez*, 542 U.S. at 83. Telemaque has not shown that his affirmations at the plea colloquy that he understood the terms of the plea agreement, that the court could

6

impose a sentence more severe than the guidelines called for, and that he could not withdraw his plea if the sentence was more severe than he expected were false. *Rogers*, 848 F.2d at 168.  Moreover, at sentencing, the district court released Telemaque from the plea agreement provision requiring that he recommend a 151-month sentence, which was the primary reason Telemaque gave for wanting to withdraw his plea.  And the district court calculated a lower guideline range based on a 1:380 conversion ratio, and heard Telemaque's argument that he should receive a lower sentence.  *Monroe*, 353 F.3d at 1350-52; *Pease*, 240 F.3d at 941. Because Telemaque's plea was knowing and voluntary and he had the close assistance of counsel, we need not thoroughly analyze the remaining factors.  *See Gonzalez-Mercado*, 808 F.2d at 801.

**AFFIRMED.**